UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MELISSA FURMAN,
individually and
on behalf of all others similarly situated,    **CLASS ACTION**

    Plaintiff,    **JURY TRIAL DEMANDED**

v.

BREEZY TREES BOTANICAL, INC.,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Melissa Furman brings this class action against Defendant Breezy Trees Botanical, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and provisions of the North Carolina General Statute §75-100, *et seq*.

2. Plaintiff has not done business with Defendant and never provided Defendant with any consent to text message Plaintiff's cellular telephone number. Moreover, Plaintiff registered her cellular telephone number on the National Do Not Call Registry to avoid receiving spam calls and texts on her phone.

1

3. Notwithstanding, Defendant sent text message solicitations to Plaintiff's cellular telephone.

4. Accordingly, Plaintiff brings this action on behalf of herself and the classes of similarly situated individuals under the TCPA and provisions of the North Carolina General Statute § 75-100, *et seq*.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of North Carolina.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

8. Defendant is, and at all times relevant hereto was, a Florida corporation and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant is, and at all times mentioned herein was, a "telephone solicitor" as defined by N.C. Gen. Stat. § 75-101(10).

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. This action is also within the original jurisdiction of this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original

jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. Indeed, given Defendant's use of an automated system to text message individuals, Plaintiff is informed and believes that Defendant has caused at least 10,000 text messages to be transmitted to consumers without consent. This action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA the required diversity of citizenship under CAFA is satisfied because any member of a class of plaintiffs is a citizen of a state different from Defendant. 28 U.S.C. § 1332(d)(2)(A).

13. Defendant is subject to personal jurisdiction in Florida because it is headquartered and incorporated in Florida.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

15. On or about October 3, 2023 and October 17, 2023, Defendant sent telephonic sales texts to Plaintiff's cellular telephone number, including the following:





16. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services. Specifically, the purpose of these text messages was to encourage Plaintiff to purchase cannabis products from Defendant.

17. The messages also advertise and call attention to Defendant's cannabis products.

18. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

19. Plaintiff utilizes her cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.  In other words, Plaintiff's cellular telephone is Plaintiff's home telephone number and Plaintiff makes and receives personal calls on her cellular telephone. Moreover, Plaintiff's cellular telephone is the primary means of reaching Plaintiff at her residence.

20. Plaintiff registered her cellular telephone number on the National Do-Not-Call Registry and the number was listed on the registry for over 30 days prior to Defendant's first text message solicitation.

21. Plaintiff was in North Carolina when Plaintiff received the above text messages from Defendant.

22. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

23. On information and belief, Defendant sent at least 50 text message solicitations to as many consumers.

24. Plaintiff never provided her telephone number to Defendant.

6

25. Plaintiff never provided any consent to Defendant for these text messages.

26. Defendant's text message solicitations caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

**PROPOSED CLASSES**

27. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

> **DNC Class**: **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during the eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**
>
> **NC 75-102(a) Class**: **Since January 31, 2020, Plaintiff and all residents of the State of North Carolina to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation text message when the telephone number to which the telephone solicitation was made was on the National Do-Not-Call Registry at the time of the call.**

28. Defendant and its employees or agents are excluded from the Class.

7

**NUMEROSITY**

29. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

31. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

   (b) Whether Defendant can meet its burden of showing that it had consent to make such calls;

   (c) Whether Defendant contacted telephone numbers registered on the National Do Not Call Registry; and

   (d) Whether Defendant is liable for damages, and the amount of such damages.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(c) and 64.1200(c)
### (On Behalf of Plaintiff and the DNC Class)

37. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

40. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

41. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

43. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

44. Plaintiff and the Class Members demand recovery as outlined in their Prayer for Relief.

## COUNT II
### VIOLATIONS OF N.C. GEN. STAT. § 75-102(A)
(On Behalf of Plaintiff and the NC 75-104(a) Class)

45. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

46. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and NC 75-102(a) Class Members' telephone numbers.

47. Plaintiff's and NC 75-102(a) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the telephone solicitations.

48. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

49. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

50. Plaintiff and the Class Members demand recovery as outlined in their Prayer for Relief

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under North Carolina General Statute §75-100, *et seq.* and/or the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate North Carolina General Statute §75-100, *et seq.* and the TCPA;

d) An award of attorney's fees and costs;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: October 18, 2023

        Respectfully submitted,

        **HIRALDO P.A.**

        */s/ Manuel S. Hiraldo*
        Manuel S. Hiraldo, Esq.
        Florida Bar No. 030380
        401 E. Las Olas Boulevard
        Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713

        **LAW OFFICES OF TODD FRIEDMAN**
        Adrian R. Bacon, Esq.
        (*pro hac vice* to be submitted)
        21031 Ventura Blvd., Ste. 340
        Woodland Hills, CA 91364
        abacon@toddflaw.com